SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6425 PA (PLAx) | Date | January 20, 2010 |
|---|---|---|---|
| Title | Mark Hunter v. Home Depot USA, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   ORDER TO SHOW CAUSE

The Court has reviewed the First Amended Complaint ("FAC") filed by plaintiff Mark Hunter ("Plaintiff") and the parties' Rule 26(f) Joint Report.  Plaintiff alleges claims for patent infringement against defendants Home Depot USA, Inc., Homer TLC, Inc., Ikea U.S. West, Inc., Ikea Distribution Services, Inc., Ikea North America Capital, Inc., Ikea Property Inc., Ikea Supply AG, Ikea U.S. General Partner, Inc., and Lamps Plus.  According to the First Amended Complaint, it appears that Home Depot USA and Homer TLC, Inc., are alleged to have sold the same allegedly infringing product, but that product is not the same as the product sold by the Ikea defendants, and also differs from the products sold by Lamps Plus.

Federal Rule of Civil Procedure 20(a)(1), which allows for permissive joinder, provides:

> Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. Proc. 20(a)(1); see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977).  "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim."  Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the factual allegations in the FAC, it does not appear that there is a question of fact or law common to all defendants.  Nor is it clear that Plaintiff's claims against defendants arise out of the same transaction or occurrence.  Specifically, although the defendants are alleged to have infringed the same patent, because they sold different products, they may infringe the patent at issue in different ways or be subject to unique defenses.  In other words, even if the Court eventually finds that one or more of

**SEND**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6425 PA (PLAx) | Date | January 20, 2010 |
|---|---|---|---|
| Title | Mark Hunter v. Home Depot USA, Inc., et al. | | |

the defendant's products infringes Plaintiff's patent, it is possible that the other defendants are not liable for infringement.

The Court therefore orders Plaintiff to show cause in writing, no later than January 29, 2010, why one or more defendants should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 18, 20, 21; see also Coughlin,130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court."). Defendants may file a response to Plaintiff's response to the Order to Show Cause by February 5, 2010.

In response to this Order to Show Cause, Plaintiff may, if he so chooses, file a separate action against the Ikea defendants and a separate action against Lamps Plus, with new complaints and filing fees.

The Scheduling Conference, Currently calendared for January 25, 2010, is continued to February 8, 2010, at 10:30 a.m.

IT IS SO ORDERED.